Metropolitan Fine Arts & Antiques, Inc. v 10 W. 57th St. Realty LLC (2018 NY Slip Op 04445)





Metropolitan Fine Arts & Antiques, Inc. v 10 W. 57th St. Realty LLC


2018 NY Slip Op 04445


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6897 153386/17

[*1]Metropolitan Fine Arts & Antiques, Inc., Plaintiff-Respondent,
v
10 West 57th Street Realty LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
David Rozenholc & Associates, New York (David Rozenholc of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 19, 2018, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's third, fourth and fifth causes of action (seeking injunctive and declaratory relief), unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiff's leasehold interest is void pursuant to Real Property Law § 231 and that the landlord is entitled to immediate possession of the premises, and the matter remanded for further proceedings.
New York Real Property Law § 231(1) provides as follows:
"Whenever the lessee or occupant other than the owner of any building or premises, shall use or occupy the same, or any part thereof, for any illegal trade, manufacture or other business, the lease or agreement for the letting or occupancy of such building or premises, or any part thereof shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied."
Here, plaintiff Metropolitan Fine Arts pleaded guilty, along with two of its principals, to violating New York Environmental Conservation Law §§ 11-0535-a, 71-0924(3), and 71-0924(4) — which forbid the sale, purchase, trade, barter, or distribution of elephant ivory without a license or permit. At their plea allocution, both principals acknowledged that plaintiff did not have a current license and permit from the DEC to sell ivory from the premises.
These plea allocutions were sufficient to fulfill the requirement under Real Property Law § 231(1) that plaintiff was using the premises for an illegal trade or business. Plaintiff's sale of ivory continued four to five months after its previous license expired. A commercial enterprise operating and using a particular premises as an illegal business subjects the lessees of those premises to eviction proceedings under Real Property Law § 231(1) (see 1165 Broadway Corp. v Dayana of N.Y. Sportswear , 166 Misc 2d 939 [Civ Ct, NY County 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK